**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LENDRICK O'NEILL HARRIS,

       Petitioner,

v.                                    Case No. 8:15-cv-606-T-33TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

       Respondent.

_____/

## ORDER

Petitioner Lendrick O'Neill Harris, an inmate in the Florida Department of Corrections proceeding *pro se*, initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1). He challenges his convictions entered by the Circuit Court for the Sixth Judicial Circuit, Pasco County, in 2009. Respondent filed a response (Doc. 8). Although provided the opportunity to do so, Harris did not file a reply. Upon review, the petition must be dismissed as time-barred.

### PROCEDURAL HISTORY

Harris was charged with carjacking (count one), robbery (count two), and kidnapping (count three). (Doc. 10, Ex. 3.) A jury convicted Harris of all counts on October 31, 2008. (Doc. 10, Ex. 5.) He was sentenced on January 7, 2009, to terms of thirty years in prison on counts one and two, and to life in prison on count three. (Doc. 10, Ex. 7.) The state appellate court *per curiam* affirmed Harris's convictions and sentences on August 13, 2010. (Doc. 10, Ex. 11.) The mandate issued on September 14, 2010. (Doc. 10, Ex. 12.)

Harris filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 on February 3, 2012. (Doc. 10, Ex. 13, p. 10.)[1] The state court dismissed his motion on February 27, 2012. (Id.) Harris filed an amended postconviction motion on May 22, 2012. (Doc. 10, Ex. 14.) The state court summarily denied the motion on June 21, 2012. (Doc. 10, Ex. 15.) The state appellate court *per curiam* affirmed the order of denial on March 13, 2013. (Doc. 10, Ex. 19.) The mandate issued on May 8, 2013. (Doc. 10, Ex. 24.)

Harris next filed a petition for writ of habeas corpus in the state appellate court on April 12, 2013. (Doc. 10, Ex. 25.) That court dismissed the petition as untimely on May 14, 2013, and denied Harris's motion for rehearing on July 31, 2013. (Doc. 10, Exs. 26, 27, 28.) Harris filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a) on or about July 3, 2013. (Doc. 10, Ex. 38.) The state court dismissed the motion on July 12, 2013. (Doc. 10, Ex. 39.) Harris's motion for rehearing was denied on August 2, 2013. (Doc. 10, Exs. 40, 41.) The state appellate court *per curiam* affirmed the order of dismissal on March 21, 2014. (Doc. 10, Ex. 45.) The mandate issued on June 20, 2014. (Doc. 10, Ex. 46.)

Harris also filed a successive postconviction motion, alleging newly discovered facts, on January 27, 2014. (Doc. 10, Ex. 29.) The state court dismissed his motion on April 2, 2014. (Doc. 10, Ex. 30.) The state court also denied Harris's motion for rehearing on April 23, 2014. (Doc. 10, Exs. 31, 32.) The state appellate court *per curiam* affirmed the

---

[1] The record does not contain a copy of this motion. However, the record includes a copy of the state court docket showing a postconviction motion filed on February 3, 2012. Furthermore, Harris states in his habeas petition: "On 2-3-12 the Petitioner filed his original 3.850 motion for post conviction relief." (Doc. 1, p. 22.)

rejection of Harris's successive postconviction motion on November 26, 2014.  (Doc. 10,

Exs. 33, 36.)  The mandate issued on December 29, 2014.  (Doc. 10, Exs. 33, 37.)  Harris

filed his federal habeas petition on March 13, 2015.

**TIMELINESS OF FEDERAL HABEAS PETITION**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a

one-year period of limitation for filing a § 2254 federal habeas petition.  This period runs

from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The limitation period is tolled for "[t]he time during which a properly

filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending. . . ." 28 U.S.C. § 2244(d)(2).  Relevant here are the

provisions of § 2244(d)(1)(A) and § 2244(d)(1)(D).

**I.      28 U.S.C. § 2244(d)(1)(A)**

Harris's federal habeas petition is untimely under § 2244(d)(1)(A).  The state

appellate court affirmed Harris's convictions and sentences on August 13, 2010.  His

convictions became final ninety days later, on November 11, 2010, when the period to file

Page 3 of  9

a petition for writ of certiorari in the United States Supreme Court expired. *Clay v. United States*, 537 U.S. 522, 527 (2003); *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). His one-year limitation period under AEDPA began running the next day, November 12, 2010. Accordingly, absent any tolling motions, Harris was required to file his federal habeas petition by November 12, 2011.

Harris did not file any tolling motions in state court during this period. He did not file his initial postconviction motion until February 3, 2012, after the one-year limitation period already expired. A motion filed past the deadline for filing a federal habeas petition cannot toll the limitations period. *See Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for . . . § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Accordingly, Harris's federal habeas petition is untimely under § 2244(d)(1)(A).

## II.   28 U.S.C. § 2244(d)(1)(D)

Harris states in the section of his habeas petition regarding timeliness that the "issue here is one of newly discovered facts + violation of due process + the final disposition of the issue in the state courts was Dec 29, 2014 - less than five months from this filing." (Doc. 1, p. 13.) In his habeas petition, Harris asserts that he learned of newly discovered facts on August 13, 2013. He presented these facts to the state court in his successive

postconviction motion;[2] the state appellate court's mandate affirming the denial of this motion was issued on December 29, 2014.  Thus, he appears to contend that the federal habeas petition is timely because less than one year of un-tolled time passed from the date he learned of the newly discovered evidence until the date he filed his federal habeas petition.

Harris specifically asserts that on August 13, 2013, he learned of a March 2013 newspaper article that described the funding concerns and heavy caseloads of public defenders, indicated that public defenders in Florida may handle more than 1,000 cases a year, and stated that more than 90% of state and federal convictions result from pleas. (Doc. 1, p. 16; Doc. 10, Ex. 29, p. 27.)[3]

Harris appears to assert that, as a result of seeing the article, he sought information regarding a plea offer in his case.  Harris attached to his successive postconviction motion an August 15, 2013 letter he sent to Robert Focht, who Harris states was the attorney initially assigned to his case.  (Doc. 10, Ex. 29, p. 34.)  As Focht had passed away by this time, Harris made a subsequent inquiry to the Public Defender's Office.  He attached to his successive postconviction motion an October 30, 2013 letter from the Public Defender's Office in response to his inquiry, as well as several documents from that Office.  (Doc. 10, Ex. 29, pp. 34-38.)

These documents are copies of (1) March 1, 2007 handwritten notations about discussions with Harris and the State that appear to have been prepared by attorney E.

---

[2]  The State court determined that the information presented did not constitute newly discovered evidence and that Harris's claims were therefore untimely under Rule 3.850.  (Doc. 10, Ex. 30.)

[3] *See* Arjun Sethi, *'Gideon' Case Fails to Help Indigent Defendants: Shortages of Public Defenders Remain Today*, USA TODAY, March 13, 2013.

Dillon Vizcarra, who Harris states took over the case after Focht withdrew,[4] (2) a March 2, 2007 letter from Vizcarra to the prosecutor, and (3) what appears to be Vizcarra's typed notes of March 26, 2007, following discussions with Harris.  (Id.) These documents show that the parties discussed plea offers of 10 years, 12.4 years, and 30 years.  (Id.)

Harris claims that he previously told Focht he wanted to accept a 12.4-year offer allegedly made by the State.  None of the documents Harris provides appears to have been created by Focht.  However, Harris contends that the documents are newly discovered evidence showing that Focht failed to communicate to the State Harris's acceptance of the State's 12.4-year offer, and failed to inform Vizcarra about the offer.[5]  In support of this contention, Harris claims that the documents show Vizcarra later made the same 12.4-year offer to the State.  Vizcarra's handwritten notes dated March 1, 2007, state, "Discussed my discussion w/ [the prosecutor] i.e. he got 10 yr offer it is too low how about bottom g-lines 12.4 yrs @ PRR? I told [the prosecutor] 80% sure it was okay w/ Δ."  (Doc. 29, p. 36.) Vizcarra's March 2, 2007 letter to the prosecutor states, "[Harris] advised that he is willing to plead to the bottom of the guidelines as a PRR (he understands this is 12.4 years). . . . I explained that although you would forward our offer, there is no guarantee that it will be accepted."  (Doc.  29, p. 37.)  Additionally, the March 26, 2007 notes provide, "Spoke to Lendrick Harris . . . Advised him that [the prosecutor] said NO to our offer of 12+ years in prison as a PRR."  (Doc. 29, p. 38.)

---

[4] These notes appear to have been prepared by Vizcarra, not Focht.  They are dated March 1, 2007, and Vizcarra's letter to the prosecutor dated March 2, 2007, provides that pursuant to discussions with the State, Vizcarra talked to Harris "yesterday," i.e., March 1, 2007.  (Doc. 10, Ex. 29, pp. 36-37.)

[5] Harris appears to argue that Focht did not do so because, consistent with the general information about public defenders described in the newspaper article, Focht was overworked.

After reviewing this information, the Court concludes that § 2244(d)(1)(D) does not apply. The limitations period under this subsection "begins to run on the latest of, inter alia, the date on which the factual predicate of the claim or claims presented *could* have been discovered through the exercise of due diligence. Thus, the only relevant inquiry is whether petitioner could have discovered the evidence at an earlier date." *Frederick v. Sec'y, Dep't of Corr.*, 481 Fed. App'x 472, 474 (11th Cir. 2012) (citation and quotation marks omitted). "Due diligence 'does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts.'" *Id.* (quoting *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)). Furthermore, a "[p]etitioner is 'presumed to have conducted a reasonable investigation of all facts surrounding [his] prosecution.'" *Id.* (quoting *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997)).

Harris fails to show that he could not have learned of the alleged newly discovered evidence before his one-year limitation period expired. The newspaper article recites information about public defender's offices and the percentage of convictions obtained through pleas. Harris does not argue that the article revealed for the first time any facts pertaining to his case. Although the article was published after the limitation period ran, there is no indication, and Harris makes no argument, that the generalized information within this article was not previously available. Harris does not establish that he could not have learned of any such information before the one-year deadline through due diligence.

Similarly, Harris fails to demonstrate that evidence concerning Focht's alleged failures to tell the State that he wanted to accept the 12.4-year offer or to tell Vizcarra about the offer could not have been discovered earlier through due diligence. The documents upon which Harris relies were created in 2007, prior to his trial. Because Harris asserts that

he expressed a desire to accept a plea offer from the State, he would have known that plea negotiations took place and that Focht was aware he wanted to accept the State's offer. Harris sets forth no facts demonstrating that he was unable to inquire about the plea negotiations and obtain these documents prior to the expiration of the AEDPA limitation period.

Accordingly, Harris does not show that the factual bases for his claims could not have been discovered through due diligence or that such discovery could not have been made prior to the expiration of AEDPA's time limitation.  He does not demonstrate that § 2244(d)(1)(D) applies to determine the one-year limitation period under AEDPA.  Rather, § 2244(d)(1)(A), under which his petition is untimely, controls.  Accordingly, Harris's petition must be dismissed as untimely.[6]

It is therefore

ORDERED that Harris's petition for writ of habeas corpus (Doc. 1) is DISMISSED. The Clerk is directed to enter judgment against Harris and close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Harris has failed to make a substantial showing of the denial of a constitutional right as

---

[6] Harris does not allege that equitable tolling is applicable to his case, and he filed no reply addressing Respondent's contention that equitable tolling is not warranted.  Equitable tolling is appropriate when a petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Harris's allegations of newly discovered evidence do not warrant equitable tolling, and nothing else in his petition establishes that equitable tolling is applicable in this proceeding.

required by 28 U.S.C. § 2253(c)(2).   Furthermore, because Harris is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on October 21, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Lendrick O'Neill Harris
Counsel of Record